No. 24-50564

In The
United States Court of Appeals
For the Fifth Circuit

UNITED STATES OF AMERICA
*Plaintiff-Appellee*

**v.**

Peter Villa Cordova,
*Defendant-Appellant*

Appeal from the United States District Court
for the Western District of Texas – Midland/Odessa Division

# APPELLANT'S BRIEF

Lane A. Haygood
Texas State Bar Number: 24066670
620 N. Grant Ave., #913
Odessa, Texas 79761
Tel: 432.279.0411
Fax: 432.225.1062
*Attorney for the Defendant-Appellant, Peter Villa Cordova*

**ORAL ARGUMENT REQUESTED**

# CERTIFICATE OF INTERESTED PERSONS

**UNITED STATES OF AMERICA,**
        Plaintiff-Appellee

v.                                          No. 7:24-cr-00031-DC

**Peter Villa Cordova,**
        Defendant-Appellant

Counsel of record certifies that the following listed persons have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. United States of America

2. Peter Villa Cordova

/s/ Lane Andrew Haygood
**LANE A. HAYGOOD**
620 N. Grant Ave., Suite 913
Odessa, Texas 79761
Tel: 432.279.0411
Fax: 432.225.1062
Attorney for Peter Villa Cordova

# STATEMENT REGARDING ORAL ARGUMENT

This is an emerging area of law and given the relatively fresh nature of precedent in this area, oral argument would benefit the Court by being able to examine the interworking of these issues in real time.

# TABLE OF CONTENTS

**CERTIFICATE OF INTERESTED PERSONS**......................................I

**STATEMENT REGARDING ORAL ARGUMENT**.............................II

**TABLE OF CONTENTS** ......................................................III

**TABLE OF AUTHORITIES** ................................................. IV

**STATEMENT OF JURISDICTION** ........................................... 1

**STATEMENT OF THE ISSUES**............................................... 2

**STATEMENT OF THE CASE**

Course of Proceedings and Disposition in the Court Below ...............................3

General Statement of Facts .........................................................................3

**SUMMARY OF THE ARGUMENT** ...........................................5

**ISSUES AND AUTHORITIES**

   1.     All decisions prior to *Bruen* should be disregarded by this Court, and this case judged solely on its post-*Rahimi* jurisprudence............................. 7

   1.1.   The district court's rationale elucidated in the order denying the motion to dismiss is out of step with this Court's precedent and contains a disingenuous reading of persuasive authority from the Third Circuit....... 9

   1.2.   This Court has the power, to find Sec. 922(g)(1) unconstitutional as applied to Mr. Cordova. ............................................................... 14

**CONCLUSION**................................................................18

**CERTIFICATE OF SERVICE**..................................................19

**CERTIFICATE OF COMPLIANCE**.......................................... 20

# TABLE OF AUTHORITIES

## UNITED STATES SUPREME COURT CASES

*Class v. United States,*
   583 U.S. 174 (2018) ................................................................ 6

*District of Columbia v. Heller,*
   554 U.S. 570 (2008) ................................................................ 8

*Garland v. Range,*
   144 S.Ct. 2706 (2024) ........................................................... 10

*New York State Rifle & Pistol Assoc., Inc. v. Bruen,*
   597 U.S. 1 (2022) ............................................................... 7, 8, 9

*United States v. Rahimi,*
   60 U.S. 680 (2024) ........................................................... passim

## UNITED STATES COURTS OF APPEALS CASES

*In re Bonwillian Marine Servs., Inc.,*
   19 F.4th 787 (5th Cir. 2021) .................................................... 8

*Range v. Att'y Gen. United States of Am.,*
   96 F.4th 96 (3d Cir. 2023) ................................................. passim

*Range v. Att'y Gen. United States,*
   124 F.4th 218 (3d Cir. 2024) ........................................... 10, 11, 12

*United States v. Connelly,*
   117 F.4th 269 (5th Cir. 2024) ............................................ 14, 15

*United States v. Contreras,*
   No. 23-50840, 2025 WL 80107 (5th Cir. 2025) .......................... 15

*United States v. Diaz,*
   116 F.4th 458 (5th Cir. 2024) ........................................... passim

## United States District Court Cases

*United States v. Charles,*
No. MO:22-CR-00154-DC,
2022 WL 4913900 (W.D.Tex. 2022) ............................................................. 9

*United States v. Collette,*
No. MO:22-CR-00141-DC,
2022 WL 4476790 (W.D.Tex. 2022) ............................................................. 9

## State Court Cases

*State of Texas v. Mancuso,*
919 S.W.2d 86 (Tex. Crim. App. 1996) ....................................................... 13

*Tapps v. State of Texas,*
294 S.W.3d 175 (Tex. Crim. App. 2009) ..................................................... 13

## Statutes

18 U.S.C. § 922 ................................................................................. passim

62 Pennsylvania Statutes Ann. § 481(a) ........................................................ 12

Texas Penal Code Ann. § 12.35 ................................................................... 13

Texas Penal Code Ann. § 38.04 ................................................................... 12

# STATEMENT OF JURISDICTION

This Court has jurisdiction of this appeal under 28 U.S.C. 1291 and 18 U.S.C. 3742(a).

# STATEMENT OF THE ISSUES

**ISSUE ONE:**     18 U.S.C. § 922(g)(1) is unconstitutional as applied to non-violent felons under the new standard of review set forth in *New York State Rifle & Pistol Assoc. v. Bruen* and its progeny.

# STATEMENT OF THE CASE

## Course of Proceedings and Disposition in the Court Below

In a single-count indictment, the Government charged Defendant-Appellant Peter Villa Cordova with possession of a firearm knowing that he was a felon in violation of 18 U.S.C. § 922(g)(1).[1] Prior to his plea of guilty, Cordova filed a motion to dismiss the indictment requesting the district court to declare Sec. 922(g)(1) unconstitutional as-applied to a nonviolent felon.[2] The district court denied relief, stating that it was "disingenuous" to compare Cordova's prior felony conviction for evading arrest or detention in a vehicle with food-stamp fraud as present in *Range v. Att'y Gen. United States of Am.*[3]

## General Statement of Facts

The facts of the case are not in dispute. On January 18, 2024, an officer with the Odessa Police Department conducted a traffic stop on a vehicle leaving a

---

[1] ROA.24-25

[2] ROA.37-38

[3] ROA.93-94, *citing Range,* 69 F.4th 96 (3d Cir. 2023) (holding Sec. 922(g)(1) unconstitutional as-applied to the defendant for a non-violent charge) ("*Range I*").

known drug house in Odessa, Texas.[4] Peter Villa Cordova was driving that truck, and consented to a search of the vehicle, disclosing to officers that there was a handgun in the center console of the vehicle.[5] Upon viewing Cordova's criminal history, officers learned that he had previous felony convictions for which he was sentenced to probation, which was discharged on or about May 17, 2017.[6]

---

[4] ROA.11

[5] ROA.11.

[6] ROA.251

## SUMMARY OF THE ARGUMENT

**ISSUE ONE:** Under this Court's recent decisions, a new framework for analyzing Second Amendment challenges is required. Under that framework, the Government must identify a historical analogue to the current disarmament law it wants to preserve against a constitutional challenge. In this case, the Government did not identify any such analogues, and the district court's decision is based upon an insupportable reading of persuasive authority from the Third Circuit. Furthermore, even at this stage, the Government will not be able to produce any historical analogues to disarmament of nonviolent felons because this Court's most recent decisions foreclose any avenue available to do so. Mr. Cordova's previous convictions for evading arrest in a car and possession of marijuana are not the sorts of offenses for which he would have been disarmed during the Founding Era, and thus, Sec. 922(g)(1) is unconstitutional as-applied to him.

# ISSUES AND AUTHORITIES

**ISSUE ONE:**   Constitutionality of 18 U.S.C. § 922(g)1

## STANDARD OF REVIEW

Constitutional challenges to a conviction are reviewed *de novo*.[7] Review by this Court is preserved via the filing of the motion to dismiss.[8] Mr. Cordova's subsequent guilty plea does not bar his ability to challenge the constitutionality of the statute under which he was convicted.[9]

## ISSUE ONE

## STATEMENT OF FACTS REGARDING ISSUE ONE

Peter Villa Cordova has two convictions which would bar his possession of a firearm under 18 U.S.C. § 922(g)(1): first, a conviction in Cause No. CR38141 from the 441st District Court of Midland County, Texas, for evading arrest or detention in a motor vehicle; and second, possession of marijuana between 4 oz and 5 pounds in a drug-free zone in Cause No. CR42767 in the 142nd District Court of Midland

---

[7] *United States v. Diaz*, 116 f.4th 458, 462 (5th Cir. 2024).

[8] ROA.95-149

[9] *Class v. United States*, 583 U.S. 174, 176 (2018).

County, Texas. Both of these convictions became final convictions on May 8, 2014, when Cordova was adjudicated guilty for the evading arrest offense and placed on probation for both offenses.[10] He subsequently discharged his probation in both offenses on May 25, 2017, long before the commission of the instant offense.[11]

ARGUMENT AND AUTHORITIES IN SUPPORT OF ISSUE ONE

## 1. All decisions prior to *Bruen* should be disregarded by this Court, and this case judged solely on its post-*Rahimi* jurisprudence.

Here, the district court recognized that *Bruen*[12] fundamentally changed the landscape of challenges to Sec. 922(g).[13] However, at the time of Mr. Cordova's plea of guilty, the Supreme Court had yet to issue its opinion in *United States v. Rahimi*.[14] In that opinion, the Supreme Court explicated and explained its *Bruen*

---

[10] ROA.251

[11] ROA.259

[12] *New York State Rifle & Pistol Assoc. v. Bruen*, 597 U.S. 1 (2022).

[13] ROA.94-95

[14] 60 U.S. 680 (2024).

analysis.[15]

Furthermore, this Court explained in *Diaz* that its earlier decisions were "unequivocally out of step" with *Bruen* and *Rahimi*.[16] *Diaz* also rejected the argument that *dicta* in *District of Columbia v. Heller* that there were "longstanding prohibitions" on possession of firearms by felons.[17] Although this Court ultimately upheld the constitutionality of Sec. 922(g)(1) as applied to Diaz, Diaz had previously been convicted of vehicle theft, which this Court found sufficiently historically analogous to crimes that were punishable by complete forfeiture of the estate or death during the founding era.[18]

Therefore, this Court must decide whether its jurisprudence, guided by that of the United States Supreme Court in *Bruen* and *Rahimi* permits Sec. 922(g)(1)'s prohibition on nonviolent felons possessing firearms when the crimes upon which the prosecution are based are evading arrest and simple possession of marijuana in

---

[15] *Id.*

[16] *Diaz,* 116 F.4th at 465, *quoting In re Bonwillian Marine Servs., Inc.,* 19 F.4th 787, 792 (5th Cir. 2021).

[17] *Diaz,* 116 F.4th at 466, *citing Heller,* 554 U.S. 570 (2008).

[18] *Diaz,* 116 F.4th at 467.

a felony amount.

### 1.1. The district court's rationale elucidated in the order denying the motion to dismiss is out of step with this Court's precedent and contains a disingenuous reading of persuasive authority from the Third Circuit.

Under the *Bruen/Rahimi* framework, the Government bears the burden of producing a historical analogue.[19] In this case, neither the Government nor the district court cited a historical analogue. The Government did not file a memorandum of law opposing the motion to dismiss, and the brief order of the district court denying the motion to dismiss cites only two cases that preceded *Bruen* and *Diaz* and distinguishes *Range*.[20]

First, the reliance of the district court in *United States v. Collette*[21] and *United States v. Charles*[22], is misplaced, since per this Court in *Diaz*, all pre-*Bruen* decisions are fundamentally out of step with modern Second Amendment jurisprudence. Further, they are decisions of the same district court and not this

---

[19] *Bruen*, 597 U.S. at 26.

[20] ROA.93-94

[21] No. MO:22-CR-00141-DC, 2022 WL 4476790 (W.D.Tex. Sept. 25, 2022)

[22] No. MO:22-CR-00154-DC, 2022 WL 4913900 (W.D.Tex. Oct. 3, 2022)

Court.

The district court found it "disingenuous" that Cordova would cite to *Range* for authority. On its original submission, the Third Circuit's opinion in *Range I* upon which Cordova relied in his motion to suppress was reversed and remanded to the Third Circuit.[23] The Third Circuit, true to its mission, conducted an exhaustive historical analysis to determine if their relief to Range survived in the post-*Rahimi* world.[24]

The Third Circuit pointed out that the earliest version of what is now Sec. 922(g)(1), the Federal Firearms Act of 1938, applied only to **violent** criminals.[25] And the Third Circuit found that the Government's attempt at identifying historical analogues by supporting a principle that "American legislature disarmed classes of individuals who posed a danger of misusing firearms" similarly fell short, since those laws disarmed only those who might wage open rebellion against the

---

[23] *Garland v. Range,* 144 S.Ct. 2706 (2024).

[24] *See Range v. Att'y Gen. United States,* 124 F.4th 218, 229-30 (3d Cir. 2024) ("*Range* II")

[25] *Range II,* 124 F.4th at 229 (emphasis in original).

fledgling United States government, such as remaining British Loyalists.[26]

Noting that *Rahimi* did bless disarming "physically dangerous people," the Third Circuit found that "potential for misuse" was simply far too broad and "at such a high level of generality that it waters down the right."[27] Absent a finding, then, that there is a special danger of violence, the Third Circuit in *Range* could not square its own case along with *Rahimi*.

Similarly, the Third Circuit rejected the Government's argument that founding-era laws forfeiting weapons and estates, much as this Court relied upon in *Diaz*, would not support disarming all nonviolent felons, because a felon in those cases could often rearm after completing his sentence and reintegrating into society.[28]

Against that backdrop, the Third Circuit reaffirmed its earlier decision and struck down Sec. 922(g)(1) as applied to Bryan Range and his conviction for

---

[26] *Range II*, 124 F.4th at 229-30.

[27] *Range II*, 124 F.4th at 230, *quoting Rahimi*, 144 S.Ct. at 1926 (Barrett, J., concurring).

[28] *Range II*, 124 F.4th at 231.

making false statements on an application for food stamps.[29]

But what of the District Court's argument that this was a Pennsylvania state misdemeanor offense, thus making it "disingenuous" to compare it to Cordova's convictions for evading arrest in a vehicle and possession of marijuana?

At the time Range's conviction, his offense was a "misdemeanor" punishable by up to five years' imprisonment.[30] Sec. 922(g)(1), understanding that the definition of "misdemeanor" may vary from one jurisdiction to another, defines a "felony" for its purposes as any offense with a potential range of punishment greater than one year.[31] State misdemeanors are excluded from this, but only if their maximum punishment is shorter than two years.[32]

In contrast, evading arrest or detention in a motor vehicle in Texas is a "state jail felony."[33] State jail felonies are a class of petty felony in Texas for which

---

[29] *Id.*

[30] 62 Pa. Stat. Ann. § 481(a). The current version of the statute has both felony and misdemeanor ranges.

[31] 18 U.S.C. § 922(g).

[32] *Range I,* 69 F.4th at 98.

[33] Tex. Pen. Code Ann. § 38.04(b)(1)(B).

---

the punishment is confinement in a state jail (not the Texas Department of Criminal Justice – Institutional Division or a county jail) for a period between six months and two years.[34] By longstanding rule, state jail felonies do not count toward habitual offender status in Texas.[35] However, Texas has also considered state jail felonies acceptable predicate felonies for its own felon-in-possession-of-firearm statute.[36] A state jail felony in Texas is certainly equivalent to a gross misdemeanor punishable by up to five years in prison in Pennsylvania. The total time of punishment is far less, and even if Texas had classed its state jail felonies as a class of misdemeanor rather than felony, it would fall within the safe-harbor provision of Sec. 922(g). Therefore, arguably, Range's conviction was for a **greater** degree of offense than Cordova's, despite the district court's finding of disingenuity.

Therefore, the district court failed to properly apply this Court's analysis from *Diaz*, and mistakenly compared the instant case to the initial, pre-certiorari

---

[34] Tex. Pen. Code Ann. § 12.35.

[35] *State of Texas v. Mancuso,* 919 S.W.2d 86 (Tex. Crim. App. 1996) (en banc).

[36] *Tapps v. State of Texas*, 294 S.W.3d 175 (Tex. Crim. App. 2009).

opinion in *Range I*. At the very least, this Court should remand the case to the District Court for a proper consideration of the applicable precedent and to allow the Government to adduce, before the district court, an alleged historical analogue for this Court to examine.

### 1.2. This Court has the power, to find Sec. 922(g)(1) unconstitutional as applied to Mr. Cordova.

However, there is an alternative. This Court could also find that such an exercise is unnecessary because no matter what record is presented at the district court level, the government would have an impossible task because there simply are no historical analogues to which it can point.

For example, Cordova's most recent felony conviction was for simple possession of marijuana in an amount greater than four ounces, but less than five pounds, a considerable range. But at the time of this country's Founding, there was no tradition of criminalizing the possession or use of marijuana or similar drugs. As this Court has observed, "[t]here was very little regulation of drugs (related to firearm possession or otherwise) until the late 19th century."[37] In *Connelly*, this

---

[37] *United States v. Connelly*, 117 F.4th 269, 279 (5th Cir. 2024).

Court found that Sec. 922(g)(3) could not constitutionally applied against a habitual drug user absent proof that the defendant carried a firearm while intoxicated.[38] If the American tradition cannot support disarming the habitually intoxicated, then it cannot support permanently disarming those who had, years previously, possessed an intoxicant. Likewise, although this Court has upheld disarmament during the time a felon is serving his sentence, it has not found that such a prohibition survives the lawful discharge of that sentence.[39]

Nor is there any historical analogue for disarming a person who has fled from the police. In *Connelly*, this Court recognized that the government does not have free reign to disarm anyone a legislature deems a danger, only if a person were to be determined to be "legitimately dangerous" to the public.[40]

Mr. Cordova has never been convicted of an offense that contains an element of violence. Even in the PSR, the explanation of the circumstances of Mr. Cordova's past crimes were that he used a vehicle to attempt to flee from a peace

---

[38] 117 F.4th at 281.

[39] *See United States v. Contreras*, No. 23-50840, 2025 WL 80107 at *5 (5th Cir. Jan. 13, 2025).

[40] *Connelly*, 117 F.4th at 277.

officer and possessed more than four ounces of marijuana in a drug-free zone.[41]
Had either of those crimes involved an element of violence, it would have been
recounted in the PSR. Therefore, under the *Diaz* framework, the government in
this case cannot produce any historical analogues that specifically target Mr.
Cordova's circumstances because such analogues simply do not exist. Mr.
Cordova, at the time of his arrest on January 18, 2024, had reintegrated into society
following non-violent crimes, and, although presently engaged in an attempt to
purchase (and presumably consume) illegal drugs, there is no indication that the
firearm's mere presence with him was in furtherance of any violent intent or
something that would be "legitimately dangerous" to the public. Therefore, there
simply is no way to square Sec. 922(g)(1)'s prohibition as-applied to someone in
Mr. Cordova's circumstances. This Court already has laws on the books that
enhance drug possession and distribution offenses if there is a firearm present,
regardless of whether the defendant is a felon. But Mr. Cordova is not charged with
any of those offenses; instead, he is charged with a crime simply for exercising a

---

[41] ROA.259-60

Second Amendment right that was improperly, and unconstitutionally, stripped from him when Congress adopted the modern version of 18 U.S.C. § 922(g)(1).

Following the Third Circuit's decision in *Range* and this Court's decision in *Diaz*, it is time to put an end to the blanket prohibition of possession of firearms by all felons, regardless of the status of their former crimes. For those whose former crimes contained no element of violence, whether they were gross misdemeanors punishable by up to five years in a Pennsylvania prison or "state jail felonies" punishable by up to two years in a Texas state jail, people adjudged guilty of those crimes who have paid their debt to society deserve the right to re-arm that they would have enjoyed during the Founding Era.

# CONCLUSION

For the foregoing reasons, the Defendant-Appellant, Peter Villa Cordova, respectfully prays that this Honorable Court grant the relief requested and issue the appropriate opinions and relief.

Respectfully Submitted,

/s/ Lane Haygood
**LANE A. HAYGOOD**
Texas State Bar Number: 24066670

**HAYGOOD LAW FIRM**
620 N. Grant Ave., Suite 913
Odessa, TX 79761
Telephone: (432) 279-0411
Fax: (432) 225-1062
E-mail: lane@haygoodlawfirm.com

Attorney for the Defendant,
Peter Villa Cordova

# CERTIFICATE OF SERVICE

I, Lane A. Haygood hereby certify that one true and correct electronic copy of the foregoing Brief for the Defendant-Appellant was electronically served on lead counsel for the Government, Mr. Joseph H. Gay, United States Attorney's Office, Western District of Texas, through the Court's CM/ECF electronic case filing system, to joseph.gay@usdoj.gov, as well as to the other counsel for the Government as listed in the Court's CM/ECF electronic case filing system.


/s/ Lane Haygood
**LANE A. HAYGOOD**
Attorney for Peter Villa Cordova

Dated: January 30, 2025

# CERTIFICATE OF COMPLIANCE

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1.  This brief complies with the type-volume limitations of Fed. R. App. P. 32(a) (7) (B) because this brief contains 2,190 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a) (7) (B) (iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a) (5) and the type style requirements of Fed. R. App. P. 32(a) (6) because this brief has been prepared in a proportionally spaced typeface using Matthew Butterick's Typography for Lawyers font pack, being the serif font of Equity for the body text, the sans serif font of Concourse for subheadings, and the sans serif font of Advocate for headings, in 14-point or greater typeface, except in the case of footnotes, which are sized in 12-point typeface.

/s/ Lane Haygood
**LANE A. HAYGOOD**
Attorney for Peter Villa Cordova

Dated: January 30, 2025