

**HAYGOOD**
LAW FIRM

620 N. Grant Ave. #913
Odessa, Texas 79761

www.haygoodlawfirm.com

(432) 703-4822
(432) 225-1062 (FAX)

July 20, 2026

**Fifth Circuit Court of Appeals**
600 S. Maestri Pl.
New Orleans, LA 70130
*via electronic submission by CM/ECF*

**Re: *United States v. Cordova*, No. 24-50564 — Letter Pursuant to Fed. R. App. P. 28(j) (*United States v. Squire*, No. 25-30324, order granting rehearing en banc, July 20, 2026)**

Dear Mr. Cayce & Deputies:

Pursuant to Federal Rule of Appellate Procedure 28(j), Defendant–Appellant Peter Villa Cordova submits as supplemental authority this Court's order of July 20, 2026, granting rehearing en banc in *United States v. Squire*, No. 25-30324, and vacating the panel opinion, 177 F.4th 614 (5th Cir. 2026). The order postdates Mr. Cordova's petition for rehearing en banc and the Government's court-requested response.

The *Squire* order is pertinent to the petition in three respects.

First, the grant confirms that the constitutionality and proper construction of 18 U.S.C. § 922(g)(1) present questions of exceptional importance meriting the full Court's attention. Pet. 3, 8.

Second, the vacatur removes this Court's most recent extended application of *United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024), and *United States v. Kimble*, 142 F.4th 308 (5th Cir. 2025), further unsettling the intra-circuit conflict the petition describes. Pet. 11–16.

Third, rehearing in *Squire* appears directed principally at a Commerce Clause challenge rather than the Second Amendment questions presented here. *See* Order at 3 (Higginson, J., *dissenting*) (describing *Squire* as "now reframed as a facial Commerce Clause challenge," and observing that this Court has "studiously avoided taking an inter-circuit split and our own intra-Circuit split en banc" on as-applied challenges to § 922(g)(1)). Because *Squire*'s predicate offenses are drug-trafficking felonies that would support disarmament under any as-applied framework, *see Kimble*, 142 F.4th at 317–18, *Squire* is unlikely to resolve the questions on which this Court's panels are divided. Mr. Cordova's petition—presenting non-violent, state-jail-felony predicates, no term of imprisonment, and a seven-year gap between discharge from probation and the instant offense—presents those questions in a more direct vehicle for the full Court to resolve. Pet. 8, 17–18.

Mr. Cordova respectfully submits that his petition warrants a grant of rehearing so that this case may be considered in tandem with *Squire*, and that, at minimum, it should not be resolved without the benefit of the en banc Court's decision there.

The body of this letter contains 325 words, in compliance with Fed. R. App. P. 28(j).

Sincerely,

**LANE A. HAYGOOD**
Attorney at Law
Texas Bar No. 24066670
620 N. Grant Ave., Suite 913
Odessa, Texas 79761
(432) 279-0411
(432) 225-1062 (FAX)
lane@haygoodlawfirm.com


CC: All counsel of record (via CM/ECF)

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 20, 2026

Lyle W. Cayce
Clerk

———————

No. 25-30324

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CURTIS SQUIRE,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:24-CR-41-1

———————————————————————

ON PETITION FOR REHEARING EN BANC

(Opinion June 02, 2026, 5 CIR., 2026, 177 F.4th 614 )

Before ELROD, *Chief Judge*, and JONES, SMITH, STEWART, RICHMAN, SOUTHWICK, HAYNES, GRAVES, HIGGINSON, WILLETT, HO, DUNCAN, ENGELHARDT, OLDHAM, WILSON, DOUGLAS, and RAMIREZ, *Circuit Judges*.

PER CURIAM:

A member of the court having requested a poll on the petition for rehearing en banc, and a majority of the circuit judges in regular active service and not disqualified having voted in favor,

No. 25-30324

IT IS ORDERED that this cause shall be reheard by the court en banc with oral argument on a date hereafter to be fixed.  The Clerk will specify a briefing schedule for the filing of supplemental briefs. Pursuant to 5th Circuit Rule 41.3, the panel opinion in this case dated June 02, 2026, is VACATED.

No. 25-30324

Stephen A. Higginson, *Circuit Judge*, dissenting from the order granting rehearing en banc:

Just a few weeks ago, Justice Thomas, writing alone, asked lower courts to reexamine the constitutionality of 18 U.S.C. § 922(g) under the Commerce Clause. *See United States v. Hemani*, 146 S. Ct. 1677, 1694 (2026) (Thomas, J., concurring). Already, our court answers the call. Today, we grant a petition for rehearing in what was a Second Amendment as-applied challenge to § 922(g)(1), now reframed as a facial[1] Commerce Clause challenge. So, rather than clarifying our § 922(g)(1) as-applied precedent to provide fair notice to people in Louisiana, Mississippi, and Texas about whether they can lawfully own guns, *see, e.g.*, *United States v. Cockerham*, 162 F.4th 500, 518 (5th Cir. 2025) (Higginson, J., dissenting), we imperil much of the United States Code.[2]

Squire asks us to rehear his case to "apply" *United States v. Lopez*, 514 U.S. 549 (1995), to § 922(g)(1), but what he really asks is that we expand it. Familiar to us all, *Lopez* described three categories of congressional commerce authority: (1) power to "regulate the use of the channels of interstate commerce"; (2) power to "regulate and protect the

---

[1] Although the Petition for Rehearing is not explicit on this front, it reads as a clear facial challenge. *See* Petition for Rehearing En Banc at 1. Before certiorari in *United States v. Lopez*, our court acknowledged that the then-applicable 18 U.S.C. § 922(q) provision, which lacked a textual commerce hook, may have been constitutionally applied "if the government alleged and proved that the offense had a nexus to commerce." *United States v. Lopez*, 2 F.3d 1342, 1368 (5th Cir. 1993). By contrast, § 922(g)(1) has a textual commerce hook. Moreover, in the factual basis supporting Squire's plea, he admitted "that prior to his possession of the firearm and ammunition, both traveled in interstate commerce" and "were manufactured outside the state of Louisiana."

[2] And we do so without input from many stakeholders. The Government's position comes to us from one U.S. Attorney's Office, and its discussion of the Commerce Clause comprises no more than six pages.

instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities"; and (3) power to regulate "activities that substantially affect interstate commerce." 514 U.S. at 558–59. With that framework, the Supreme Court affirmed our court's holding that the then-in-force 18 U.S.C. § 922(q) exceeded Congress's Commerce Clause authority because it "neither regulate[d] a commercial activity nor contain[ed] a requirement that the possession be connected in any way to interstate commerce." *Id.* at 551.

Unlike the § 922(q) provision discussed in *Lopez*,[3] the § 922(g) provision at issue here has a textual interstate commerce nexus. *See* 18 U.S.C. § 922(g) (prohibiting the transport of any firearms or ammunition "in interstate or foreign commerce," possession of any firearms or ammunition "in or affecting commerce," and reception of "any firearm or ammunition" transported "in interstate or foreign commerce" by certain groups of individuals). Concluding that none of *Lopez*'s three categories could sustain § 922(g) would be a significant departure from existing, settled, and binding Commerce Clause jurisprudence. *Cf. Rehaif v. United States*, 588 U.S. 225, 230 (2019) (discussing Congress's "constitutional authority to regulate [a criminal] defendant's conduct (normally, as here, through its Commerce Clause power)" (citing *Torres v. Lynch*, 578 U.S. 452, 466–67 (2016))). Indeed, at the circuit level in *Lopez*, our court distinguished § 922(g) from § 922(q), deeming the former constitutional: "[T]he possession offense of thus amended section 922(g) 'reaches *only* those firearms that traveled in interstate or foreign commerce and is *thus* constitutional.'" *Lopez*, 2 F.3d at

---

[3] After *Lopez*, that provision was quickly amended to add a Commerce Clause hook. *See* S. 890, 104th Cong. § 2 (1995); 18 U.S.C. § 922(q)(2)(A) ("It shall be unlawful for any individual knowingly to possess a firearm that has moved in or that otherwise affects interstate or foreign commerce at a place that the individual knows, or has reasonable cause to believe, is a school zone.").

4

1355 (emphasis in original) (quoting *United States v. Wallace*, 889 F.2d 580, 583 (5th Cir. 1989)); *id.* at 1347–48 ("Because a commerce nexus is an element of the crime defined by section 922(g), each application of that statute is within the commerce power."). We reaffirmed that decision after *Lopez*, too, joining a consensus of circuits.[4] *See United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996) (per curiam) ("Today we join all other circuits that have considered the issue post-*Lopez* and hold that neither the holding in *Lopez* nor the reasons given therefor constitutionally invalidate § 922(g)(1)."). Finding that this statute, with an explicit interstate commerce nexus, must fall would mark the start of a new, severely contracted Commerce Clause era.

Of course, we have not yet seen briefing from the parties and amici (in a case of this magnitude, likely including the Solicitor General, state solicitors general, the National Association of Criminal Defense Lawyers, Commerce Clause scholars, and others, maybe counsel from the newly created Supreme Court Advocacy Program), have not yet heard oral argument, and certainly have not voted on the merits of this case as an en banc court. However, in granting the petition to rehear this case, our court has welcomed the possibility of finding that Congress's Commerce Clause authority cannot support § 922(g). If so, this case would have massive import for federal law.

That impact is hard to overstate. In the context of § 922 convictions alone, such a holding would raise several immediate questions. Can felons from the other eleven circuits now flood the Gulf Coast to rearm themselves?

---

[4] Every other circuit has also held § 922(g) constitutional under the Commerce Clause. *See* Government's Opposition to Petition for Rehearing En Banc at 2–3 (collecting cases). Some scholars think similarly. *See, e.g.*, Alisa B. Klein, *Right Diagnosis, Wrong Cure: Reconceptualizing the Commerce Clause Basis for the Federal Prohibition on Felon Firearm Possession*, 104 Tex. L. Rev. Online 225 (2026).

Can—or must—all § 922(g) defendants in this Circuit now individually challenge their convictions on these grounds?  What is the retroactive effect, if any, of this decision for the people in our Circuit already convicted under this statute?

More broadly, what would come of the countless other federal statutes hinging on Congress's well-settled commerce authority?  Can the federal government no longer criminalize possession of child pornography?  Of explosive materials?  Of biological weapons?  Past the Title 18 level, do we lose regulations on financial transactions?  On intellectual property?  On endangered species?

All told, this case hazards untold consequences for federal law.  What was a Second Amendment as-applied challenge to § 922(g)(1)—where we have studiously avoided taking an inter-circuit split and our own intra-Circuit split en banc—now leaps beyond the felon-in-possession statutes, beyond federal criminal law, and beyond our authority as an inferior court.  I dissent.